HODGES v. BRETT.

A defendant may appear specially to object to a defective notice; and the defect is not cured by such appearance.

A notice should designate the hour of appearance, and is therefore defective if it names the hour as "11 o'clock, M."

Where jurisdiction depends upon the notice, there should be a strict observance of the statute.

*Appeal from Mills District Court.*

*Opinion by* GREENE, J.   Suit commenced before a justice of the peace.   The original notice required the defendant to appear on "Thursday, the 15th day of December, at 11 o'clock, M."   A motion made to dismiss the proceedings, on the ground of defective notice, was overruled, and judgment was thereupon rendered against the defendant.   The case was taken to the district court, by writ of error, and the decision of the justice affirmed. The defendant only appeared specially to object to the defective notice, and therefore, the defect was not cured by appearance.   The notice should designate the hour of appearance, Code, § § 2279, 2520.   The notice in this particular, is ambiguous, and uncertain.   It specifies no given hour.   The term, "11 o'clock, M.," does not express any known period of time.   It is the same, as if no hour of appearance had been named in the notice.

The objection is claimed to be trifling and technical. But the rule resulting from the decision is important. Defendants are entitled to a specific and definite notice of proceedings against them.   If the notice may omit the hour, may it not on the same principle omit the day or

*23

the month ?   The only safe rule, in cases where jurisdiction depends upon the process, is to require a strict observance of the statute.

Judgment  reversed.

*H. P. Bennett and  W. Penn Clarke*, for appellant.

*D. H. Solomon*, for appellee.